NOTE: This order is nonprecedential.

# United States Court of Appeals
# for the Federal Circuit

---

**IN RE ICM, INC.,**
*Petitioner.*

---

2013-152

---

On Petition for Writ of Mandamus to the United States District Court for the Southern District of Indiana in No. 10-ML-2181, Judge Larry J. McKinney.

---

**ON PETITION**

---

Before REYNA, NEWMAN, and PROST, *Circuit Judges.*

REYNA, *Circuit Judge.*

## O R D E R

Petitioner ICM, Inc. seeks a writ of mandamus to vacate certain statements made by the United States District Court for the Southern District of Indiana in an order relating to a potential transfer of venue at the conclusion of the multi-district litigation ("MDL") proceeding. Respondents GS CleanTech Corporation and Green-Shift Corporation oppose the petition. We deny the petition for the following reasons.

In October 2009, petitioner filed suit against respondents in the United States District Court for the District of

Kansas.  Petitioner's complaint, as amended, sought, *inter alia*, declaratory judgment of non-infringement, invalidity and unenforceability of respondents' patents. (the "Kansas action").  Soon thereafter, respondents filed their own action in the United States District Court for the Southern District of New York, alleging infringement of its patents by petitioner and other defendants. (the "New York action").

In September 2010, the Kansas action, New York action, and other related cases were consolidated pursuant to 28 U.S.C. § 1407 for pre-trial proceedings in the Southern District of Indiana, (the "MDL court").  Before that court, respondents moved to dismiss petitioner's complaint or, alternatively, to transfer the action to the Southern District of New York.  The MDL court granting-in-part that motion, and dismissed some of petitioner's claims in the Kansas action.

The MDL court's order further expressed the view that at the completion of the MDL proceedings it would be in the interest of justice to transfer the Kansas action.  In doing so, the court stated in pertinent part: "ICM Inc.'s declaratory judgment claims in Count II are properly pled and the transferor court will retain jurisdiction over them on remand*;* however, it is in the interests of justice to transfer this proceeding to the Southern District of New York after the Multidistrict Litigation proceedings."

Mandamus is a drastic remedy, to be invoked only in "extraordinary situations."  *Allied Chemical Corp. v. Daiflon, Inc.*, 449 U.S. 33, 34 (1980).  As such, three conditions must be satisfied before a writ of mandamus may issue:  (1)  the party seeking issuance must have no other adequate means to attain the desired relief—"a condition designed to ensure that the writ will not be used as a substitute for the regular appeals process;"  (2) petitioner must establish that he or she has a "clear and indisputable" right to relief; and (3)  "the issuing court, in

the exercise of its discretion, must be satisfied that the writ is appropriate under the circumstances." *Cheney v. U.S. Dist. Court for the Dist.*, 542 U.S. 367, 380-81 (2004). That standard has not been satisfied here.

To be sure, it does not appear that the MDL court has authority to transfer the Kansas action to the Southern District of New York or to any other district court. Section 1407(a), which governs MDL proceedings, provides, in relevant part, that "[e]ach action so transferred *shall be remanded by the panel* at or before the conclusion of such pretrial proceedings *to the district from which it was transferred* unless it shall have previously terminated." 28 U.S.C. § 1407(a) (emphasis added).

As the Supreme Court has explained, the straightforward language of section 1407(a) "obligates the Panel to remand any pending case to its originating court," *Lexecon Inc. v. Milberg Weiss Bershad Hynes & Lerach*, 523 U.S. 26, 41 n.4 (1998), and thus "precludes a transferee court from granting any § 1404(a) motion[.]" *Id.* at 41 n.4. *See also In re Bridgestone/Firestone, Inc.*, 288 F.3d 1012, 1015 (7th Cir. 2002) ("Once [consolidated pretrial proceedings] have been completed, the cases must be returned to the originating districts for decision on the merits."); *Shah v. Pan Am. World Serv., Inc.*, 148 F.3d 84, 91 (2d Cir. 1998) ("[A]ny further transfers of venue for trial under any statute must follow such remand.").

Here the MDL court has not transferred petitioner's case. Rather, the court's statement that "it would be in the interest of justice to transfer this proceeding to the Southern District of New York after the Multidistrict Litigation proceedings," is better characterized as a recommendation. To view the order as doing anything more than that would ignore the court's statement that "ICM Inc.'s declaratory judgment claims in Count II are properly pled and the transferor court will retain jurisdiction over them on remand. . . ."

4                                                     IN RE ICM, INC.

Because ICM will have the opportunity to challenge any request to transfer the case on remand, and because it would be inappropriate to grant this extraordinary remedy merely to strike a recommendation in an opinion that does not rise to the level of an actual decision, the legal conditions for mandamus relief have not been satisfied.  The court therefore denies ICM's petition.

Accordingly,

IT IS ORDERED THAT:

The petition is denied.

FOR THE COURT

/s/   Daniel E. O'Toole
      Daniel E. O'Toole
      Clerk of Court

s28